UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

In Re: )  Case No.: 11-84812
Timber Creek Inn & Suites and Convention )
Center, Ltd. )  Chapter: 11
)
)
)
Debtor(s)

## AGREED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND PROVISION OF ADEQUATE PROTECTION

Timber Creek Inn & Suites and Convention Center, Ltd., an Illinois corporation, and WB Holdings, LLC, and Illinois limited liability company, as debtors and debtors-in-possession (the "Debtors"), filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in this Court on November 4, 2011 (the "Filing Date"), and filed a motion (the "Motion") for the entry of this Agreed Interim Order (the "Order"), authorizing the Debtors to use cash collateral and providing adequate protection to Citizens First National Bank (the "Bank").

Counsel for the Debtors and counsel for the Bank have consented to the entry of this order, and notice of the Motion has been given to the Bank, to the Debtors' 20 largest unsecured creditors, to the United States Trustee, and to any other party entitled to notice under Fed. R. Bank. P. 4001(b), and such notice is appropriate under the circumstances and in light of the emergency nature of the Motion and the notice procedures for a further objection to this Order set forth below.

I. The Court has been advised that the Debtors and the Bank have stipulated to the following:

A. On the Filing Date, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since then the Debtors have remained in possession of their assets and have continued to administer the affairs of their estates as debtors in possession in accordance with §§ 1107 and 1108 of the Bankruptcy Code.

B. As of the Filing Date, the Debtors were indebted to the Bank (the Bank's Claim"), based upon two promissory notes described in the Motion (the "Notes") and other loan documents (collectively with the Notes, the "Loan Documents"), executed by the Debtors. The Bank's Claim is secured by a duly perfected, valid, and enforceable security interest in substantially all of the personal property of the Debtors (the "Prepetition Collateral"), and the cash collateral (as that term is defined in § 363(a) of the Bankruptcy Code), generated therefrom (for purposes of this Order, the "Cash Collateral").

D. The Bank has an interest in the Cash Collateral. Accordingly, the Bank is entitled to adequate protection for the Debtors' use of its Cash Collateral under §§ 361 and 363 of the Bankruptcy Code.

II. Based upon the Motion, the record before the Court, and the combined consent of the Debtors and the Bank to the entry of this Order, the Court finds as follows:
A. The Debtors have provided such notice as was practicable under the circumstances to the Bank, the 20 largest unsecured creditors of the Debtors, the United States Trustee, and any other person entitled to notice under Rule 4001(b).

B. No creditor's committee has been appointed in the case.

C. Good cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtors' business operations, will increase the probability of the collection of the Debtors' accounts and the probability of maximizing any potential return to the Debtors' creditors. In consideration for the consent given herein the Bank is entitled to the relief set forth in this Order. The protections afforded to the Bank's interests in this Order are fair under the circumstances and the entry of this Order is in the best interests of the Debtors, its creditors, and its estate.

D. The Bank and the Debtors have negotiated the terms and conditions of this Order in good faith and at arms length and have offered sufficient evidence of the Bank's good faith in agreeing to this Order.

III. Accordingly, it is hereby adjudged, ordered, and agreed as follows:

A. Subject to the terms and conditions set forth below, the Debtors are authorized to use Cash Collateral in accordance with the operating budget attached as Exhibit A to the Motion during the period beginning on the date of the entry of this Order and ending at 12:01 AM on November 15, 2011.

B. The Debtors shall deposit all Cash Collateral in a debtor-in-possession account (the "DIP Account"), maintained at the Bank. Karen Bohnstedt will be the only authorized signers on the DIP Account.

C. On or before November 15, 2011, if requested by the Bank, the Debtors shall prepare and deliver to the Bank an accounting of all Cash Collateral on hand as of the Filing Date and all Cash Collateral received or disbursed by the Debtors after the Filing Date through the date of the entry of this Order.

D. The Debtors shall prepare a monthly operating budget for the remainder of November and for all of December 2011 and for each subsequent month and shall deliver it to the Bank on or before the 25th day of the preceding month (the "Budget"). The Budget must be approved by the Bank. In the event the Bank does not approve the Budget, the Debtors may not use Cash Collateral except upon further order of court. Unless the Debtors receives an objection to the Budget from the Bank within 5 days of the Bank's receipt thereof, the Budget will be deemed to have been approved by the Bank.

E. The Debtors are authorized to use Cash Collateral in the DIP Account only to pay for the expenses set forth in the approved Budget.

F. Neither the Bank's agreement to the Debtors' use of Cash Collateral nor the Bank's approval of any Budget may be construed as the Bank's approval of the purposes or amounts for which its Cash Collateral is expended for purposes of § 506(c) of the Bankruptcy Code; nor is this Order to be construed as the Bank's consent to any claim under § 506(c) of the Bankruptcy Code or to otherwise become liable for any cost, expense, disbursement, liability, or obligation of any kind or nature payable by or on behalf of the Debtors. This Order does not create a joint venture or partnership of any kind between the Debtors and the Bank.

G. As adequate protection against the diminution of the Bank's interest in the Prepetition Collateral, the Bank is hereby granted, pursuant to §§ 361, 363, and 364 of the Bankruptcy Code, valid, perfected, and enforceable security interests in and liens upon all property of the Debtors and their estates, whether now existing or hereafter acquired or arising and wherever located, and all proceeds, rents, products, or profits thereof (collectively, the "Postpetition Collateral"). The security interest in and liens on the Postpetition Collateral shall—

(1) at all times be senior to the rights of the Debtors and any successor trustee in these or any subsequent proceedings under the Bankruptcy Code; and

(2) be subordinate only to valid, enforceable and non-avoidable liens and security interests existing as of the Filing Date.

H. The security interests and liens granted by this Order—

(1) are in addition to all security interests, liens, and rights of set-off existing in favor of the Bank on the Filing Date;

(2) are and will be valid, perfected, enforceable, and effective as of the Filing Date without any further action by the Debtors or the Bank and without the execution, filing, or recording of any financing statements, security agreements, mortgages, or other documents; and

(3) shall secure payment of the Bank's Claim in an amount equal to any diminution in value of the Bank's interest in the Prepetition Collateral (the "Adequate Protection Obligation"), which occurs during the pendency of the Debtors' bankruptcy case, whether such diminution is a consequence of the Debtors' use of the Prepetition Collateral, economic depreciation of the Prepetition Collateral, or otherwise.

I. If the Bank requests the Debtor to execute and deliver financing statements, mortgages, or other instruments or documents considered by the Bank to be necessary or desirable to further evidence the perfection of the liens and security interests granted in this Order, the Debtors are authorized to execute and deliver those financing statements, instruments, and documents.

J. Within 5 business days of the date of this Order, the Debtors shall deliver to the Bank a certificate of insurance evidencing coverage of the Prepetition Collateral and showing the Bank as a loss payee.

K. On or before the 25th day of each month the Debtors shall prepare and send to the Bank in care of Dan Kinsella, a copy of the Monthly Chapter 11 Business Operating Reports required to be filed for the previous month with the United States Trustee and the Clerk of the Court pursuant to Bankruptcy Rule X-1007 and the Guidelines for Debtors-in-Possession promulgated by the United States Trustee (the "Operating Reports").

L. The failure of the Debtors to perform its obligations under this Order constitutes a default. If the Bank gives notice of the default and such default is not cured within 20 business days of the date of such notice, then the Debtors' authority to use Cash Collateral will be automatically terminated. Notice of default must be given in the manner and to the persons prescribed by Rule 4001(b).

M. The Debtors shall on or before November 11, 2011, serve by mail or other approved method, copies of a notice of the entry of this Order, together with a copy of this Order, to the 20 largest unsecured creditors of the Debtors, the United States Trustee, and any other persons entitled to notice under Rule 4001(b). The notice of the entry of this Order must state that any party in interest objecting to the entry of a final order on the Motion must file a written objection with the Clerk of the Court no later than __11/25__, 2011, which objection must be served so that the same is received on or before 4:00 PM local time on such date by the office of the United States Trustee and counsel for the Debtors and counsel for the Bank. If no written objection and request for final hearing on the Motion has been timely filed with the Court, and served upon and timely received by all parties entitled to notice, this Order will be deemed to be the final order on such date after 4:00 PM local time and will continue on a final basis and remain in full force and effect and constitute final authority for the financial accommodations contemplated by this Order, and any objection by any party in interest to the terms will be deemed forever waived. If an objection is timely filed, served, and received (1) a written reply will not be required but may be filed and served so that it is received no later than __11/26__, 2011, on or before 4:00 PM local time, and (2) a final hearing will be held on the Motion and objections thereto on __11/30__, 2011, at __11:00__ A.M. The provisions of this Order will remain in effect unless modified or vacated at that hearing or by other subsequent order of this Court. If any of the provisions of this Order are modified, vacated, or stayed by a subsequent order of this Court or

any other court, such stay, modification, or vacation will not affect the validity and enforceability of any lien, priority, or other benefit authorized hereby with respect to the Adequate Protection Obligation incurred in the intervening period.

N. The automatic stay provisions of § 362 of the Bankruptcy Code are vacated as to the Bank to the extent necessary to implement the terms of this Order.

O. The subject of this order is a core proceeding within the meaning of 28 U.S.C. § 157. This order is immediately appealable and valid and fully effective upon its entry.

Enter:

Honorable Manuel Barbosa
United States Bankruptcy Judge

Dated: NOV 9 2011, 2011

**Prepared by counsel of Movant:**

Myler, Ruddy & McTavish
G. Alexander McTavish (ARDC No. 1871013)
Richard G. Larsen
105 E. Galena Blvd, Suite 800
Aurora, IL 60505
630-897-8475
630-897-8076 (fax)

Rev: ILNB20100428_bko